JONATHAN DELSHAD, Bar No. 246176
ELIE GHODSIZADEH, Bar No. 297961
Law Offices of Jonathan J. Delshad
1663 Sawtelle Blvd. Suite 220
Los Angeles, CA 90025
Telephone:    424.255.8376
Fax No.:      310.382.2086
Jdelshad@delshadlegal.com
eghodsi@delshadlegal.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JAKE BRUANER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

MUSCLEPHARM CORPORATION, and
DOES 1 through 50, inclusive,

    Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs, Jake Bruaner, on behalf of himself and all others similarly situated, by and through

their undersigned attorneys, bring this Class Action Complaint against Defendants, Musclepharm

Corporation and Does 1 through 50 (hereinafter "Defendants"), and for their Complaint allege,

upon personal knowledge as to themselves, and upon information and belief and based upon the

investigation to date of counsel, allege as follows:

## INTRODUCTION

1

1. This is a class action on behalf of all persons and entities in the United States and the state of California who purchased the product Musclepharm Combat Protein Powder (hereinafter "the Product" or "Combat Powder"). Defendants knowingly and willfully misrepresents the amount of whey protein in Combat Powder to its consumers.

2.     The whey protein industry is a growing and extremely competitive industry. In fact, "during the forecast period, [the market for] protein products is expected to grow by 62% to reach US 7.8 billion in 2018." http://www.euromonitor.com/sports-nutrition-in-the-us/report

3.     However, the price of wholesale whey protein keeps increasing and is usually purchased for roughly $15-$18/kilo, making the profit margins on whey protein powder products very low.

4.     Defendant advertises, manufactures, markets, sells and distributes Combat Powder in the growing and extremely competitive fitness and health industry throughout the United States, including in the state of California.

5.     In an effort to reduce costs and increase corporate profits, Defendant purposefully and willfully label Combat Powder to contain a higher amount of grams of protein per serving than that which actually exists in the product thereby deceiving its consumers.

6. As a result of Defendants' practice, Combat Powder contains approximately less whey protein than Defendant represents to the consumer.

As a result of Defendants' deceptive, fraudulent, unfair and misleading practices, Plaintiff and Class Members have been unfairly deceived into purchasing the Product which they would not otherwise have purchased, or would have purchased only at a lower price than that charged by Defendants.

7.     The American Herbal Products Association (AHPA), an organization of dietary

1  supplement manufacturers, has issued a standard for manufacturers for measuring the True

2  Protein content of their product which:

3      a) Defines protein as "a chain of amino acids connected by peptide bonds" for labeling

4          purposes;

5
6      b) The use of calculations to include only proteins that are "chains of amino acids

7          connected by peptide bonds; and

8      c) To exclude any "non-protein nitrogen-containing substances" when counting total

9          protein content. www.ahpa.org/Default.aspx?tabid=441, April 1, 2014

10  11.  Despite misleading its consumers, Defendants continues to advertise, distribute, label,

11  manufacture and market Combat Powder in a misleading and deceptive manner.

12                                      **PARTIES**

13                                  **Named Plaintiffs**

15  13. During the Class period, Jake Bruaner and Class Members purchased Combat Powder

16  through various other retailers such as GNC, the Vitamin Shoppe, Amazon.com,

17  Bodbybuilding.com, and many others. Plaintiff Jake Bruaner and Class Members suffered an

18  injury in fact caused by the false, fraudulent, unfair, deceptive and misleading practices set forth

19  in this Complaint. Jake Bruaner is a resident of the County of Los Angeles, State of California,

21  and the events set forth in the Complaint took place therein, as Jake Bruaner purchased the

22  Musclepharm Combat Powder for his own use and not for resale from Costco located at 13463

23  Washington Blvd., Marina Del Rey, CA 90292 in 2014.

24                                      **Defendants**

26  15.  Musclepharm is licensed in the State of Nevada, with a principal place of business address

27                                          3

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd, Suite 210

at 471 Ironton St., Unit A, Denver, CO, 80239.

**JURISDICTION AND VENUE**

19. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiffs are citizens of California and Defendants are incorporated in Colorado and otherwise maintain their principal places of business in Denver), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiffs class.

20. Defendants conduct substantial business in California, including the sale and distribution of the Product in California, and have sufficient contacts with California or otherwise intentionally availed itself of the laws and markets of California, so as to sustain this Court's jurisdiction over Defendants.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to personal jurisdiction in this District.

22. As a result of Defendants' manufacturing, marketing, distributing, promoting, and selling Combat Powder to purchasers throughout California, either directly or indirectly through third parties or related entities, Defendants have benefitted from the laws of California and profited from California commerce.

23. Defendants conducted systematic and continuous business activities in and throughout the State of California by selling and distributing the Product Combat Powder is sold through

4

CLASS ACTION COMPLAINT

numerous different online and brick/mortar retailers, including but not limited to; GNC, the Vitamin Shoppe, Amazon.com, and Bodbybuilding.com There are likely hundreds of thousands of class members composing the proposed classes with tens of millions of dollars spent on the Product due to the far reaching distribution channels and high consumer demand for whey protein products throughout the State of California, and otherwise intentionally availed themselves of markets in the State of California through the promotion and marketing of their business, including the sale of the Product at issue in this litigation.

## STATEMENT OF FACTS

24.     Whey is a complete source of protein, which means that it contains all the essential amino acids that a person's body needs in order to build protein-based compounds such as muscle tissue, skin, fingernails, hair and enzymes. Daily protein needs depend on a person's size, gender, diet, and activity levels. The daily protein requirements for athletes and individuals who exercise are increased, often substantially. Therefore, these individuals often purchase and rely on protein powders, such as those sold by Defendants, in order to meet their goals of daily protein intake. Of course, there are also individuals that are required to supplement their diets with protein for medical reasons.

### Defendants' Misleading Labeling of Combat Powder

31.     Defendants prominently feature the name of the ingredient sought after by millions of American consumers of the Products - "whey protein," "protein powder," and "protein" - in the name of the Product, on the container of the Product, and on the nutrition label of the Product. See Exhibits A, B, and C.

32.     Defendants label "Combat Powder" as providing 25 grams of protein per serving in a

5

Jonathan J. Dolabai, Esq.
jdolabai@dolabadlegal.com
1663 Sawtelle Blvd., Suite 320

"Micro Filtered Whey Protein Blend" as follows: (See Exhibit C)

**Combat 2lb - Cookies N Cream**

# Supplement Facts

Serving Size: 1 Scoop (35g)
Servings Per Container: 26

| | Amount Per Serving | % DV |
|---|---|---|
| Calories | 140 | |
| Calories from Fat | 20 | |
| Total Fat | 2 g | 3%* |
| Saturated Fat | 1 g | 5%* |
| Trans Fat | 0 g | |
| Cholesterol | 45 mg | 15%* |
| Sodium | 100 mg | 4%* |
| Potassium | 200 mg | 6%* |
| Total Carbohydrates | 6 g | 1%* |
| Dietary Fiber | 1 g | 4%* |
| Sugars | 2 g | |
| Protein | 25 g | 50%* |
| Calcium | 146 mg | 14% |
| Iron | 0.72 mg | 4% |

| Combat Protein Powder™ | | |
|---|---|---|
| Proprietary Time Release Blend | 32 g | † |

**Micro Filtered Whey Protein Blend**
(Whey Protein Concentrate, Whey Protein Isolate, Whey Protein
Hydrolysate), L-Glutamine, L-Leucine, L-Valine, L-Isoleucine,
Micellar Casein, Egg Albumin; Aleo Pravidas Alanine, Lysine,
Arginine, Glycine, Histidine, Tyrosine, Cysteine, Methionine,
Phenylalanine, Proline, Serine, Aspartic Acid, Threonine,
Tryptophan*

**Digestive Enzyme Blend**
Protease, Lactase

\* Percent Daily Values are based on a 2,000 calorie diet.
† Daily Value not established.
• The Tryptophan in this product is naturally occurring.

**Other Ingredients:** Gluten Free Cookie Crumbs (Rice Flour, Sugar,
Palm Oil, Cocoa Powder, Corn Starch, Salt, Chocolate Liquor, Natural Flavor,
Sodium Bicarbonate, Soy Lecithin), Inulin, Natural & Artificial Flavors, Sea Salt,
Acesulfame Potassium, Sucralose, Soy Lecithin, Tri-Potassium Citrate
Microhydrate.

33.    However, Defendants' willfully and knowingly engage in the fraudulent practice of

mislabeling Combat Powder because it actually contains fewer grams of protein than the

advertised 25 grams.

34.    After scientifically testing Combat Powder, the true and accurate amount of whey protein

per serving was found to be materially less than 25 grams of protein that Defendants list on the

product and advertises to the consumer. See Exhibits A, B, and C.

35.    The FDCA actually speaks to the misleading nature of predominantly using the name of an

ingredient in the labeling of a product under 21 C.F.R. §

101.18(b), which states:

6

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd. Suite 220

The labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling.

36. The Defendants mislead consumers by repeatedly referencing whey protein, including in the name of the Product, but never disclaiming the lesser amount of whey protein that the Product actually delivers.

37. Moreover, Defendants makes further deceptive claims relating to protein in their advertising of the product on their website and on the websites of other third party sellers:

a) "25 Grams Of Delicious-Tasting & Easy-To-Mix Protein"

b) "This Is 25 Grams of High-Quality Protein In A Tasty, Easy-To-Mix Shake Formulated For Athletes And Active People"

c) "Combat Protein Powder"

d) "Athletes Complete Protein"

See Exhibits A, B, and C.

48. Defendants' misleading label claims, taken together with the Product's name, the terms on its label, including, "Micro Filtered Whey Protein Blend" mislead consumers into believing the 25 grams of protein listed on the Product is truthful and accurate with every gram derived solely from complete whey protein. The consumer has no idea, nor should it, that the Product does not meet the consumer's reasonable expectations.

50. Plaintiffs and Class Members were in fact misled by Defendants' representations regarding the true nature of the protein content and value.

7

51.    The difference between the Product promised to the consumer and the actual Product sold is significant. The amount of actual protein provided, and the measure of protein per serving, has real impacts on the benefits provided to consumers by the Product, and the actual value of the Product itself.

52.    Persons requiring a certain amount of protein supplementation, whether as part of a fitness regimen or for real health needs, are left to ingest less protein than Defendant states will be provided.

53.    Defendants' misleading claims contained herein are in violation of 21 C.F.R. § 101.18(b), making the Product misbranded.

54.    Defendants' deceptive statements violate 21 U.S.C. § 343(a)(1), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular".

55.    California prohibits the misbranding of food in a way which parallels the FDCA through the "Sherman Law", Health & Saf. Code § 109875 et seq. The Sherman Law provides that food is misbranded "if its labeling is false or misleading in any particular." Id.

56.    The Sherman Law explicitly incorporates by reference "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the FDCA," as the food labeling regulations of California. Cal. Health & Saf.

Code, § 110100, subd. (a).

57.    Plaintiff and Class Members would have purchased a different whey protein product, or would have only paid for the whey protein actually delivered in the Product, if they would have not been deceived by the misleading labeling and advertising by Defendants.

8

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd., Suite 230

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of themselves and all others similarly situated, with the Class and Subclasses defined as follows:

### NATIONAL CLASS:

All persons in the United States that purchased the Product at any time during the four years before the date of the filing of this Class Action Complaint to the present.

### CALIFORNIA SUBCLASS:

58. All persons in the State of California that purchased the Product at any time during the four years before the date of the filing of this Class Action Complaint to the present.

59.     Plaintiffs reserve the right to amend the class definitions following further investigation and discovery.

60.  Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or that have a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

61.     Numerosity. The Classes are so numerous that joinder of all members is impracticable. On information and belief, the Classes have more than 10,000 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

62.     Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to,

9

the following:

a.    Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive;

b.    Whether Defendants' actions violate California's law against unfair and deceptive acts or practices, Business and Professions Code §17200, et seq.;

c.    Whether Defendants' actions violate California's law against false advertising, Business and Professions Code §17500, et seq.

d.    Whether Defendants' actions violate California's Consumer Legal Protection Act, Civil Code §1750, et seq.

e.    Whether Defendant was unjustly enriched at the expense of the Class Members.

63.    Typicality.    Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs' claims, like the claims of the Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

64.    Adequacy.    Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys with significant experience and complex and class action litigation, including consumer class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

65.    Predominance. Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Classes. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these

10

common issues in a single action has important and desirable advantages of judicial economy.

66. Superiority. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to keep such adulterated and misbranded products out of the market and to compensate those who have been misled into purchase of the Product. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because Defendants acted or failed to act on grounds generally applicable to the Classes. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

67. Injunctive and Declaratory Relief Appropriate. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class wide basis.

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd., Suite 220

## CAUSES OF ACTION

### COUNT I
### Violation of the Consumer Legal Remedies Act
### Cal. Civ. Code §1750, et. seq.
### (On Behalf of California Class Members Represented by Jake Bruaner)

68. Plaintiffs incorporate each preceding paragraph as if fully set forth herein.

69. Plaintiff and each member of the Class is a "Consumer" as that term is defined by Cal. Civ. Code § 1761(d).

70.     Combat Powder is a "Good" as defined by Cal. Civ. Code § 1761(a).

71.     Defendants are "Persons" as defined by Cal. Civ. Code § 1761(c).

72.     The transaction(s) involved here are "Transaction(s)" as defined by Cal. Civ. Code § 1761(e).

73.     Plaintiff and members of the Class are Consumers who purchased the Product for personal use within the applicable statute of limitations period.

74.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendants' actions as set forth here.

75.     Plaintiff and Class members purchased the Product in reliance on Defendants' labeling claims.

76.     Defendant has used deceptive representations with respect to the Product in violation of Cal. Civ. Code §1770(a)(4).

77.     Defendants has misrepresented the sponsorship, approval, characteristics, or ingredients of the Product in violation of Cal. Civ. Code §1770(a)(5).

78.     Defendant has misrepresented the standard, quality, or grade of the Product in violation of Cal. Civ. Code §1770(a)(7).

79.     Defendant knew or should have known that their representations of fact are material and likely to mislead consumers.

80.     Defendants' practices, acts, and course of conduct in marketing and selling the Product are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Like Plaintiff, members of the Class would not have purchased the Product had

12

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd., Suite 220

1    they known the true amount of protein in the Product.

2    81.     Plaintiff and members of the Class have been directly and proximately damaged by

3    Defendants' actions.

4    82.     In conjunction with filing this Complaint, Plaintiff's Counsel mailed to Defendant, by

5    certified mail, return receipt requested, the written notice required by Civil Code §1782(a).

6

7    Should Defendants fail to respond within thirty days, Plaintiff will amend to seek damages under

8    the Consumer Legal Remedies Act.

9    83.     Defendants have engaged in, and continue to engage in, business practices in violation of

10   the Consumer Legal Remedies Act, Civ. Code §1750, et seq. by continuing to make false and

11   misleading representations on their labeling of the Product.

12

13   84.     These business practices are misleading and/or likely to mislead Consumers and should

14   be enjoined.

15                              **COUNT II**
16                     **Violation of False Advertising Law**
                     **Cal. Bus. & Prof. Code § 17500, et seq.**
17        **(On Behalf of California Class Members Represented by Jake Bruaner)**

18   85.     Plaintiffs incorporate each preceding paragraph as if fully set forth herein.

19   86.     Plaintiff and the Class have standing to pursue a cause of action for false advertising

20   under Bus. & Prof. Code §17500, et seq. because Plaintiff and members of the Class have

21

22   suffered an injury-in-fact and lost money as a result of Defendants' actions as set forth herein.

23   87.     Defendant advertised, marketed, and otherwise disseminated misleading information to

24   the public through advertising mediums including the Internet statements regarding the Product.

25   88.     Defendant continues to disseminate such statements.

26
27   89.     Defendants' statements are misleading.
                                   13

28   ────────────────────────────────────────────────────
                        CLASS ACTION COMPLAINT

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd, Suite 220

Jonathan J. Dalskel, Esq.
jdalskel@dalskellegal.com
1663 Sawtelle Blvd, Suite 220

90. Defendant knows that these statements are misleading, or could have discovered their misleading nature with the exercise of reasonable care.

91. Defendants' misleading statements were part of a scheme or plan to sell the Product to the public the true source of the protein published on their product labels and marketing material.

92. Plaintiff and Class members relied on Defendants' marketing, labeling, and other product literature.

93. Defendants' actions violate Cal. Bus. & Prof. Code § 17500, et seq.

94. As a direct and proximate result of Defendants' actions, as set forth herein, Defendants have received ill-gotten gains and/or profits, including but not limited to money from Plaintiff and Class members who paid for the Product. Therefore, Defendants have been unjustly enriched.

95. Plaintiff and Class members seek injunctive relief, restitution, and disgorgement of Defendants' ill-gotten gains as provided for by Cal. Bus. & Prof. Code §17535.

96. Plaintiff and Class members seek injunctive relief to compel Defendants from continuing to engage in these wrongful practices in the future. No other adequate remedy at law exists. If an injunction is not ordered, Plaintiff and Class members will suffer irreparable harm and/or injury.

**COUNT III**
**Violation of the Unfair Competition Act**
**Cal. Bus. & Prof. Code § 17200, et seq.**
**(On Behalf of California Class Members Represented by Jake Bruaner)**

97. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

98. Plaintiff and the Class have standing to pursue a cause of action for false advertising under Bus & Prof. Code §17200, et seq. because Plaintiff and members of the Class have suffered an injury-in-fact and lost money as a result of Defendants' actions as set forth herein.

14

99.     Defendants' actions as described herein constitute unfair competition within the meaning of Bus. & Prof. Code §17200, in that Defendants have engaged in unlawful, unfair, or fraudulent business practices by violating the federal FDCA, the federal DSHEA, California's Sherman Food Drug & Cosmetic Act, and California's Consumer Legal Remedies Act.

100.    Defendants' actions as described herein constitute unfair competition within the meaning of Bus. & Prof. Code §17200, on the additional grounds that Defendants have failed to properly label the Product in accordance with 21 C.F.R.

101, et seq.

101.    Defendants' actions also constitute unfair competition within the meaning of Bus. & Prof. Code §17200, in that Defendant has made unfair, deceptive, untrue or misleading statements in advertising mediums, including the Internet, in violation of Bus. & Prof. Code §17500.

102.    Defendants' actions have caused economic injury to Plaintiff and Class members. Plaintiff and Class members would not have purchased the Product had they known the true source of the protein content.

103.    Pursuant to Bus. & Prof. Code §17203, Plaintiff and Class members seek an injunction enjoining Defendants from continuing to market, advertise, and sell the Product without first complying with federal and state law and to prevent Defendants from continuing to engage in unfair competition or any other act prohibited by law.

104.    Plaintiff and Class members also seek an order requiring Defendants to make full restitution and disgorgement of their ill-gotten gains of all money wrongfully obtained from Plaintiff and Class members as permitted by Bus. & Prof. Code §17203.

**COUNT IV**
**Unjust Enrichment**

15

**(On Behalf of the National Class and All Subclasses Represented by All Named Plaintiffs)**

115. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

116. Plaintiff and Class Members conferred benefits on Defendants by purchasing the Product.

117. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchase of the Product. Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Product was misleading to consumers, which caused injuries to Plaintiff and Class Members because they would have not purchased the Product, or alternatively would only have purchased the Product for a cheaper price, had they not been intentionally misled by Defendant.

118. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class Members for their unjust enrichment, as ordered by the Court.

**COUNT V**
**Breach of Express Warranty**
**(On Behalf of the National Class and All Subclasses Represented by All Named Plaintiffs)**

115. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

116. Plaintiff and each member of the Class formed a contract with Defendant at the time they purchased the Product. The terms of the contract included the promises and affirmations of fact made by Defendant on the label of each od Defendants' Product, specifically, Defendants' branding, labels, and advertising constitute express warranties, and are part of the basis of the bargain and a standard contact between Plaintiff, members of the Class, and Defendant.

16

Plaintiffs relied on the express warranties made by Defendant when they purchased the Product, including false and misleading claims contained therein. In fact, Defendant failed to disclose the material fact that the Product contained fewer grams of actual whey protein than that disclosed on the labels. The Plaintiff and Class Members received a product that did not contain the amount of whey protein that they reasonably expected or believed when purchasing the Product. These facts constitute breaches of all applicable express warranties as alleged in this complaint. Alternatively, privity was established between Plaintiff and members of the Class and Defendant and/or its agents because Defendant was substantially if not completely responsible for directly promoting and marketing Defendants' Product to Plaintiff and the Class Members which led to Plaintiff and Class member's purchase of the Product. By virtue of this direct promotion and marketing to Plaintiff, Defendant expressly warranted the Product's attributes and benefits to members of the Class. Defendant breached the terms of the express warranty by failing to provide a product that contained the amount of whey protein promised. Plaintiffs relied on Defendants' affirmation of specific amounts of whey protein provided per serving. As a result of Defendants' breaches of its express warranties, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## RELIEF REQUESTED

Plaintiffs request for the following relief:

A.      Certification of the National Class;

B.      Certification of the proposed California Subclass;

C.      Appointment of Plaintiffs as class representatives;

D.      Appointment of the undersigned counsel as counsel for the Classes;

17

Jonathan J. Delshad, Esq.
jdelshad@delshadlegal.com
1663 Sawtelle Blvd., Suite 220

E.     A declaration that Defendants' actions complained of herein violate the State of California consumer protection statutes.

F.     A declaration that Defendant was Unjustly Enriched.

G.     An order enjoining Defendant from engaging in the unlawful conduct set forth herein;

H.     An award to Plaintiffs and the Classes for restitution and disgorgement as requested by Plaintiffs' second and third causes of action;

I.     The Court to enter an Order awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices set forth above; directing Defendant to cease its deceptive and misleading marketing campaign concerning the Product, and to disgorge all monies Defendant acquired by means of any act or practice declared by this Court to be wrongful.  An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

J.     Leave to amend this Complaint to conform to the evidence presented at trial; and

K.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

//

//

//

//

//

18

CLASS ACTION COMPLAINT

Dated: November 14, 2014        LAW OFFICES OF JONATHAN J. DELSHAD, PC

By:_____

Jonathan J. Delshad, Esq.
Attorney for Plaintiff

JONATHAN DELSHAD, Bar No. 246176
ELIE GHODSIZADEH, Bar No. 297961
Law Offices of Jonathan J. Delshad
1663 Sawtelle Blvd. Suite 220
Los Angeles CA 90025
Telephone:        424.255.8376
Fax No.:          310.382.2086
Jdelshad@delshadlegal.com
eghodsi@delshadlegal.com

19