1    KATHY J. HUANG (SBN: 240677)
     Email: khuang@reedsmith.com
2    REED SMITH LLP
     355 South Grand Avenue, Suite 2900
3    Los Angeles, CA 90071-1514
     Telephone: (213) 457-8000
4    Facsimile: (213) 457-8080

5    Michael J. Suffern (*admitted pro hac vice*)
     msuffern@ulmer.com
6    ULMER & BERNE LLP
     600 Vine Street, Suite 2800
7    Cincinnati, Ohio 45202
     Telephone: (513) 698-5064
8    Facsimile: (513) 698-5065

9    Attorneys for Defendant
     MUSCLEPHARM CORPORATION
10

11   Jonathan J. Delshad [SBN 246176]
     jdelshad@delshadlegal.com
12   LAW OFFICES OF JONATHAN J. DELSHAD
     1663 Sawtelle Blvd., Suite 220
13   Los Angeles, CA 90025
     Telephone: (424) 255-8376
     Facsimile: (310) 382-2086
14

15   Attorneys for Plaintiff
     JAKE BRUANER

16

17              UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA

19          WESTERN DIVISION – LOS ANGELES

20

| 21 | JAKE BRUANER and ADRIEL ZAGHI, on behalf of themselves and purportedly all others similarly situated, | Case No. 2:14-cv-08869-FMO-AGR |
|---|---|---|
| 22 | | Honorable Fernando M. Olguin |
| 23 | | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | MUSCLEPHARM CORPORATION, and DOES 1 through 50, inclusive, | |
| 27 | | Date Complaint Filed: 11/14/14 |
| 28 | Defendants. | FAC Filed: 03/02/15<br>SAC Filed: 06/17/15<br>TAC Filed: 08/17/15 |

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

FILED
CLERK, U.S. DISTRICT COURT
AUG 3 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Fact Discovery Cutoff: 09/09/15
Expert Discovery Cutoff: 11/23/15
Trial Date: None Set

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel: Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   In-House Counsel: attorneys (as well as support staff) who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys (as well as support staff) who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.   **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

1    the margins) and must specify, for each portion, the level of protection being

2    asserted.

3    ~AGR~       (b) for testimony given in deposition, ~or in other pretrial or trial proceedings,~

4    that the Designating Party identify on the record, before the close of the deposition,

5    ~hearing, or other proceeding,~ all protected testimony and specify the level of

6    protection being asserted. When it is impractical to identify separately each portion

7    of testimony that is entitled to protection and it appears that substantial portions of

8    the testimony may qualify for protection, the Designating Party may invoke on the

9    record (before the deposition, ~hearing, or other proceeding~ is concluded) a right to

10   have up to 21 days to identify the specific portions of the testimony as to which

11   protection is sought and to specify the level of protection being asserted. Only those

12   portions of the testimony that are appropriately designated for protection within the

13   21 days shall be covered by the provisions of this Stipulated Protective Order.

14   Alternatively, a Designating Party may specify, at the deposition or up to 21 days

15   afterwards if that period is properly invoked, that the entire transcript shall be

16   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17   EYES ONLY."

18   **Parties shall give the other parties notice if they reasonably expect a**

19   **deposition, hearing or other proceeding to include Protected Material** ~so that~

20   ~AGR~ ~the other parties can ensure that only authorized individuals who have signed~

21   ~the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at~

22   ~those proceedings.~ **The use of a document as an exhibit at a deposition shall**

23   **not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY**

24   **CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

25   Deposition

26   ~AGR~ **[Transcripts containing Protected Material shall have an obvious legend**

27   **on the title page that the transcript contains Protected Material, and the title**

28   **page shall be followed by a list of all pages (including line numbers as**

     **appropriate) that have been designated as Protected Material and the level of**

1   protection being asserted by the Designating Party. The Designating Party

2   shall inform the court reporter of these requirements. Any transcript that is

3   prepared before the expiration of a 21-day period for designation shall be

4   treated during that period as if it had been designated "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

6   otherwise agreed. After the expiration of that period, the transcript shall be

7   treated only as actually designated.

8       (c) for information produced in some form other than documentary and for

9   any other tangible items, that the Producing Party affix in a prominent place on the

10  exterior of the container or containers in which the information or item is stored the

11  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY". If only a portion or portions of the information or item warrant

13  protection, the Producing Party, to the extent practicable, shall identify the

14  protected portion(s) and specify the level of protection being asserted.

15      5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

16  failure to designate qualified information or items does not, standing alone, waive

17  the Designating Party's right to secure protection under this Order for such

18  material. Upon timely correction of a designation, the Receiving Party must make

19  reasonable efforts to assure that the material is treated in accordance with the

20  provisions of this Order.

21      **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22      6.1   Timing of Challenges. Any Party or Non-Party may challenge a

23  designation of confidentiality at any time. Unless a prompt challenge to a

24  Designating Party's confidentiality designation is necessary to avoid foreseeable,

25  substantial unfairness, unnecessary economic burdens, or a significant disruption or

26  delay of the litigation, a Party does not waive its right to challenge a confidentiality

27  designation by electing not to mount a challenge promptly after the original

28  designation is disclosed.

2:14-cv-08869-FMO-AGR              -8-         STIPULATED PROTECTIVE ORDER

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) ~~within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.~~ Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to ~~make such a motion~~ Send its portion of the joint stipulation under Local Rule 37-2.2 including the required declaration within of the initial notice 21 days (or 14 days, if applicable) shall automatically waive the confidentiality after conferring with opposing counsel designation for each challenged designation. In addition, the Challenging Party may under Local Rule 37 file a motion challenging a confidentiality designation at any time if there is good

1   cause for doing so, including a challenge to the designation of a deposition

2   transcript or any portions thereof. Any motion brought pursuant to this provision

3   must be accompanied by a competent declaration affirming that the movant has

4   complied with the meet and confer requirements imposed by the preceding

5   paragraph.

6     The burden of persuasion in any such challenge proceeding shall be on the

7   Designating Party. Frivolous challenges and those made for an improper purpose

8   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

9   expose the Challenging Party to sanctions. Unless the Designating Party has waived

10   the confidentiality designation by failing to file a motion to retain confidentiality as

11   described above, all parties shall continue to afford the material in question the

12   level of protection to which it is entitled under the Producing Party's designation

13   until the court rules on the challenge.

14      **7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

15     7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

16   disclosed or produced by another Party or by a Non-Party in connection with this

17   case only for prosecuting, defending, or attempting to settle this litigation. Such

18   Protected Material may be disclosed only to the categories of persons and under the

19   conditions described in this Order. When the litigation has been terminated, a

20   Receiving Party must comply with the provisions of section 15 below (FINAL

21   DISPOSITION).

22     Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons

24   authorized under this Order.

25     7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

26   otherwise ordered by the court or permitted in writing by the Designating Party, a

27   Receiving Party may disclose any information or item designated

28   "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

1   writing by the Designating Party, a Receiving Party may disclose any information

2   or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3   only to:

4        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

5   employees of said Outside Counsel of Record to whom it is reasonably necessary to

6   disclose the information for this litigation and who have signed the

7   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

8   A;

9        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

10   necessary for this litigation, (2) who have signed the "Acknowledgment and

11   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

12   in paragraph 7.4(a)(2), below, have been followed];

13        (c) the court and its personnel;

14        (d) court reporters and their staff, professional jury or trial consultants, and

15   Professional Vendors to whom disclosure is reasonably necessary for this litigation

16   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

17   A); and

18        (e) the author or recipient of a document containing the information or a

19   custodian or other person who otherwise possessed or knew the information.

20        7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

22   Designated In-House Counsel or Experts.

23        (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

24   Designating Party, a Party that seeks to disclose to Designated In-House Counsel

25   any information or item that has been designated "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first identify the In-

27   House Counsel to the Designating Party that (1) sets forth the full name of the

28   Designated In-House Counsel and the city and state of his or her residence, and (2)

1   describes the Designated In-House Counsel's current and reasonably foreseeable

2   future primary job duties and responsibilities in sufficient detail to determine if In-

3   House Counsel is involved, or may become involved, in any competitive decision-

4   making.

5       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

6   Designating Party, a Party that seeks to disclose to an Expert (as defined in this

7   Order) any information or item that has been designated "HIGHLY

8   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

9   first must make a written request to the Designating Party that (1) identifies the

10  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" information that the Receiving Party seeks permission to disclose to the

12  Expert, (2) sets forth the full name of the Expert and the city and state of his or her

13  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

14  the Expert's current employer(s), (5) identifies each person or entity from whom the

15  Expert has received compensation or funding for work in his or her areas of

16  expertise or to whom the expert has provided professional services, including in

17  connection with a litigation, at any time during the preceding five years, and (6)

18  identifies (by name and number of the case, filing date, and location of court) any

19  litigation in connection with which the Expert has offered expert testimony,

20  including through a declaration, report, or testimony at a deposition or trial, during

21  the preceding five years.

22      (b) A Party that makes a request and provides the information specified in the

23  preceding respective paragraphs may disclose the subject Protected Material to the

24  identified Designated In-House Counsel or Expert unless, within 14 days of

25  delivering the request, the Party receives a written objection from the Designating

26  Party. Any such objection must set forth in detail the grounds on which it is based.

27      (c) A Party that receives a timely written objection must meet and confer

28  with the Designating Party (through direct voice to voice dialogue) to try to resolve

2:14-cv-08869-FMO-AGR        -13-        STIPULATED PROTECTIVE ORDER

AGR

1    the matter by agreement within seven days of the written objection. If no agreement

2    is reached, the Party seeking to make the disclosure to Designated In-House

3    Counsel or the Expert may file a motion as provided in Civil Local Rule 37 (and in

4    compliance with Civil Local Rule 79-5, if applicable) seeking permission from the

5    court to do so. Any such motion must describe the circumstances with specificity,

6    set forth in detail the reasons why the disclosure to Designated In-House Counsel or

7    the Expert is reasonably necessary, assess the risk of harm that the disclosure would

8    entail, and suggest any additional means that could be used to reduce that risk. In

9    addition, any such motion must be accompanied by a competent declaration

10    describing the parties' efforts to resolve the matter by agreement (i.e., the extent

11    and the content of the meet and confer discussions) and setting forth the reasons

12    advanced by the Designating Party for its refusal to approve the disclosure.

13         In any such proceeding, the Party opposing disclosure to Designated In-

14    House Counsel or the Expert shall bear the burden of proving that the risk of harm

15    that the disclosure would entail (under the safeguards proposed) outweighs the

16    Receiving Party's need to disclose the Protected Material to its Designated In-

17    House Counsel or Expert.

18        **8.**     **PROTECTED MATERIAL SUBPOENAED**

19        **OR ORDERED PRODUCED IN OTHER LITIGATION**

20        If a Party is served with a subpoena or a court order issued in other litigation

21    that compels disclosure of any information or items designated in this action as

22    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23    ONLY" that Party must:

24        (a) promptly notify in writing the Designating Party. Such notification shall

25    include a copy of the subpoena or court order;

26        (b) promptly notify in writing the party who caused the subpoena or order to

27    issue in the other litigation that some or all of the material covered by the subpoena

28

1    or order is subject to this Protective Order. Such notification shall include a copy of

2    this Stipulated Protective Order; and

3           (c) cooperate with respect to all reasonable procedures sought to be pursued

4    by the Designating Party whose Protected Material may be affected.

5           If the Designating Party timely seeks a protective order, the Party served with

6    the subpoena or court order shall not produce any information designated in this

7    action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8    EYES ONLY" before a determination by the court from which the subpoena or

9    order issued, unless the Party has obtained the Designating Party's permission. The

10   Designating Party shall bear the burden and expense of seeking protection in that

11   court of its confidential material – and nothing in these provisions should be

12   construed as authorizing or encouraging a Receiving Party in this action to disobey

13   a lawful directive from another court.

### 9.     A NON-PARTY'S PROTECTED MATERIAL
### SOUGHT TO BE PRODUCED IN THIS LITIGATION

16   (a)    Upon the Non-Party's Agreement, The terms of this Order are applicable to information produced by a

17   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced

19   by Non-Parties in connection with this litigation is protected by the remedies and

20   relief provided by this Order. Nothing in these provisions should be construed as

21   prohibiting a Non-Party from seeking additional protections.

22   (b)    In the event that a Party is required, by a valid discovery request, to

23   produce a Non-Party's confidential information in its possession, and the Party is

24   subject to an agreement with the Non-Party not to produce the Non-Party's

25   confidential information, then the Party shall:

26           1. promptly notify in writing the Requesting Party and the Non-

27   Party that some or all of the information requested is subject to a confidentiality

28   agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal

1  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

2  whatever procedure may be established in an e-discovery order that provides for

3  production without prior privilege review. Pursuant to Federal Rule of Evidence

4  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

5  of a communication or information covered by the attorney-client privilege or work

6  product protection, the parties may incorporate their agreement in the stipulated

7  protective order submitted to the court.

8  ### 12.   MISCELLANEOUS

9  12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

10  person to seek its modification by the court in the future.

11  12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

12  Protective Order no Party waives any right it otherwise would have to object to

13  disclosing or producing any information or item on any ground not addressed in

14  this Stipulated Protective Order. Similarly, no Party waives any right to object on

15  any ground to use in evidence of any of the material covered by this Protective

16  Order.

17  12.3   <u>Filing Protected Material</u>. Without written permission from the

18  Designating Party or a court order secured after appropriate notice to all interested

19  persons, a Party may not file in the public record in this action any Protected

20  Material. A Party that seeks to file under seal any Protected Material must comply

21  with Civil Local Rule 79-5. Protected Material may only be filed under seal

22  pursuant to a court order authorizing the sealing of the specific Protected Material

23  at issue. ~~Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a~~

24  ~~request establishing that the Protected Material at issue is privileged, protectable as~~

*AGR* 25  ~~a trade secret, or otherwise entitled to protection under the law.~~ If a Receiving

26  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

27  5(e) is denied by the court, then the Receiving Party may file the Protected Material

28

1   in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

2   instructed by the court.

3        12.4   <u>Remedies for Breach.</u>   The Parties intend this Stipulated Protective

4   Order to address the terms under which confidential matter may be used and shared

5   in this lawsuit, and to limit the use of confidential matter to the prosecution and

6   defense of this lawsuit.  The parties do not intend this Stipulated Protective Order to

7   be enforced by a private right of action in another lawsuit.  Therefore, the Parties

8   agree that the remedy for a breach of this Stipulated Protective Order shall be

9   limited to sanctions imposed by the court at any stage of this proceeding, which

10  sanctions shall be determined by and in the discretion of the court in this

11  proceeding, *The parties agree not to seek more than* ~~but shall be limited to~~ liquidated damages in an amount of $5,000 for

12  each intentional occurrence of a breach, or for each unintentional occurrence of a

13  breach that, after notice, is not cured by the provisions set forth above.

14              **13.   <u>FINAL DISPOSITION</u>**

15       Within 60 days after the final disposition of this action, as defined in

16  paragraph 4, each Receiving Party must return all Protected Material to the

17  Producing Party or destroy such material. As used in this subdivision, "all Protected

18  Material" includes all copies, abstracts, compilations, summaries, and any other

19  format reproducing or capturing any of the Protected Material. Whether the

20  Protected Material is returned or destroyed, the Receiving Party must submit a

21  written certification to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the 60-day deadline that (1) identifies (by category,

23  where appropriate) all the Protected Material that was returned or destroyed and (2)

24  affirms that the Receiving Party has not retained any copies, abstracts,

25  compilations, summaries or any other format reproducing or capturing any of the

26  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

27  archival copy of all pleadings, motion papers, trial, deposition, and hearing

28  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

1  reports, attorney work product, and consultant and expert work product, even if

2  such materials contain Protected Material. Any such archival copies that contain or

3  constitute Protected Material remain subject to this Protective Order as set forth in

4  Section 4 (DURATION).

5      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6  Dated: August 27, 2015                Respectfully Submitted,

7                                        /S/ Jonathan J. Delshad
                                          JONATHAN J. DELSHAD [SBN 246176]
8                                        jdelshad@delshadlegal.com
                                          Law Offices of Jonathan Delshad
9                                        1663 Sawtelle Blvd., Suite 220
                                          Los Angeles, CA 90025
10                                       Telephone: (424) 255-8376

11                                       Attorneys for Plaintiff
                                          JAKE BRUANER
12

13  Dated: August 27, 2015                Respectfully Submitted,

14                                       /S/ Michael J. Suffern
                                          Michael J. Suffern (admitted pro hac vice)
15                                       msuffern@ulmer.com
                                          ULMER & BERNE LLP
16                                       600 Vine Street, Suite 2800
                                          Cincinnati, Ohio 45202
17                                       Telephone: (513) 698-5064
                                          Facsimile: (513) 698-5065
18
                                          Attorneys for Defendant
19                                       MUSCLEPHARM CORPORATION

20
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
21

22

23
    DATED: 8/31/15                       _alicia A. Rosenburg_
24                                       Honorable Fernando M. Olguin
                                          United States District Judge
25                                                       Magistrate

26

27

28

    2:14-cv-08869-FMO-AGR              -19-          STIPULATED PROTECTIVE ORDER

1              ATTESTATION RE AUTHORIZATION

2      I, Michael J. Suffern, hereby declare as follows:

3      1.  Pursuant to Local Rule 5-4.3.4(a)(2)(i), as the filer of the document

4  entitled STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING

5  HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE

6  SECRETS, I hereby attest that concurrence in the filing of the document has been

7  obtained from Plaintiff's counsel Jonathan J Delshad, who concurs in the filing's

8  content and has authorized the filing.

9      I declare under penalty of perjury that the foregoing is true and correct.

10  Executed this 27th day of August 2015, in Cincinnati, Ohio.

11                                /S/ *Michael J. Suffern*
                              Michael J. Suffern

12

13                                msuffern@ulmer.com
                              Telephone: (513) 698-5064

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A – <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on January 28, 2015, in the case of Bruaner vs. MusclePharm Corporation, Case No. 2:14-cv-08869-FMO-AGR.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the ~~Northern~~ Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]